UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:05-CR-15-1-BO

| | |
|---|---|
| JOSEPH KEVIN WILLIAMS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | O R D E R |

This matter is before the Court on Petitioner's Motion for Reconsideration. Petitioner alleges the Court erred by not considering his allegations against the Government's decision against filing a Rule 35(b) motion. The Government opposes Petitioner's motion, contending that Petitioner has failed to state a claim upon which relief can be granted. For the following reasons, Petitioner's Motion for Reconsideration is DENIED.

## BACKGROUND

On May 24, 2006, following a plea agreement, Petitioner entered a pled guilty to conspiracy to distribute, and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. Pursuant to the terms of the plea agreement, Petitioner supplied information to the Government as to certain criminal activities in the Eastern District of North Carolina. The plea agreement also provided that the United States did not promise to move for a departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or FED. R. CRIM. P. 35(b). On March 20, 2006, after the Government moved for a departure from the sentencing guidelines pursuant to U.S.S.G. § 5K1.1 and this Court granted its motion, Petitioner received a sentence of 120 months of imprisonment.

On March 3, 2009, Petitioner filed a motion to compel the government to file a Rule 35(b) motion based upon his "substantial assistance" to law enforcement. This Court denied Petitioner's Motion on July 10, 2009. Petitioner filed this Motion for Reconsideration on August 3, 2009.

## DISCUSSION

Federal Rule of Criminal Procedure 35(b) allows a court to reduce a sentence if a defendant has provided substantial assistance to the government in prosecuting or investigating others. The rule specifically provides that such action may be taken only "upon the government's motion." FED. R. CRIM. P. 35(b). Furthermore, it is well-settled that the decision to file a Rule 35(b) motion is left to the government's discretion. *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993). A court has the authority to review the government's decision not to file such a motion and compel performance *only* if the refusal is based on an unconstitutional motive or is not related to a legitimate government end. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992). "If the defendant cannot show a breach of her plea agreement or an unconstitutional motive, 'a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.'" *United States v. Huskins*, 318 Fed. Appx. 249, 250 (4th Cir. 2009) (quoting *Wade*, 504 U.S. at 186).

Here, Petitioner has failed to establish either that the Government has an unconstitutional motive for not filing a Rule 35(b) motion or that it has acted improperly. Moreover, Defendant acknowledged in his signed Memorandum of Plea Agreement that the Government did not promise to make a Rule 35(b) motion. Therefore, this Court is without authority to review the Government's decision not to file such a motion. Accordingly, Petitioner's motion is DENIED.

## CONCLUSION

Therefore, Petitioner's Motion for Reconsideration is DENIED.

SO ORDERED.

This __2__ day of November, 2009

                                              TERRENCE W. BOYLE
                                              UNITED STATES DISTRICT JUDGE